T.C. Memo. 2017-93

UNITED STATES TAX COURT

PAUL MORRIS MCNALLY AND PATRICIA ANN MCNALLY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28293-11.                    Filed May 30, 2017.

Paul Morris McNally and Patricia Ann McNally, pro sese.

<u>Erik W. Nelson</u> and <u>Catherine J. Caballero</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent issued a notice of deficiency to petitioners

determining deficiencies in income tax and accuracy-related penalties.[1]  After trial

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the relevant years, and all Rule references are
(continued...)

[*2] Patricia McNally introduced Form 8857, Request for Innocent Spouse Relief, requesting relief from joint and several income tax liability for the taxable years at issue. Respondent conceded that Mrs. McNally is entitled to partial relief from her joint 2008 and 2009 tax liabilities pursuant to section 6015(c) and full relief from the remainder of those liabilities pursuant to section 6015(f), thereby providing Mrs. McNally complete relief from her joint 2008 and 2009 tax liabilities.

The issues for decision are whether Paul McNally for tax years 2008-09 (taxable years at issue) is entitled to: (1) deductions claimed on Schedules E, Supplemental Income and Loss, for rental real estate losses of $154,067 and $117,712, respectively; (2) claimed charitable contribution deductions of $9,425 and $11,980, respectively; (3) deductions claimed on Schedules C, Profit or Loss From Business, for travel expenses incurred in connection with a trade or business of $7,268 and $7,319, respectively; (4) deductions claimed on Schedules C for car and truck expenses incurred in connection with a trade or business of $7,235 and $8,132, respectively; and (5) deductions claimed on Schedules A, Itemized Deductions, for job expenses and certain miscellaneous deductions of $3,863 and

---

[1](...continued)
to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[\*3]** $13,874, respectively.[2]  We also decide whether Mr. McNally is liable for section 6662(a) accuracy-related penalties for the taxable years at issue.

FINDINGS OF FACT

On December 5, 2013, the Court's order to show cause was made absolute, and, under Rule 91(f)(3), the facts and exhibits set forth in respondent's proposed stipulation of facts were deemed stipulated.  On May 2, 2016, the parties executed a first supplemental stipulation of facts.  Respondent's proposed stipulation of facts, the first supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.  Petitioners resided in California when the petition was filed.

Petitioners filed joint Federal income tax returns for the taxable years at issue and attached Schedules C to their 2008 and 2009 tax returns on which they claimed deductions of $7,235 and $8,132 for car and truck expenses, respectively, and $7,268 and $7,319 for travel expenses, respectively.  Petitioners also attached Schedules E to their 2008 and 2009 tax returns and listed eight and six rental properties, respectively, but they did not file a statement with their 2008 or 2009

---

[2]A number of computational issues arise from our decisions of the aforementioned issues, including whether Mr. McNally is entitled to the claimed: (1) deduction for tuition and fees for 2008, (2) itemized deductions for 2008 and 2009, (3) personal exemptions for 2008, (4) recovery rebate credit for 2008, and (5) making work pay credit for 2009.

**[*4]** return electing to treat all interests in rental real estate as a single rental real estate activity. Petitioners claimed on Schedules E rental real estate loss deductions of $154,067 and $117,712 for 2008 and 2009, respectively.

During the taxable years at issue Mr. McNally was a full-time junior high school teacher for the Vallejo City Unified School District. Mr. McNally was not a licensed real estate broker or salesperson in either California or Washington during the taxable years at issue, and he was not engaged in the trade or business of real estate brokerage during the taxable years at issue. Petitioners introduced a journal to substantiate their claimed hours worked in real property trades or businesses (including their rental real estate activities), their car and truck expenses, and their travel expenses. Petitioners' journal repeatedly lists hours spent "in the office" on real estate "stuff". The journal indicates that petitioners took numerous trips to their rental properties over the taxable years at issue; however, it does not list the amount of time attributable to rental real estate activities or the type of work completed. The journal sporadically lists purported mileage driven, identified by "= RE", but does not credibly establish that mileage is attributable to any business use. Petitioners' journal is not credible substantiation of the amount of time attributable to rental real estate activities or

[*5] real property trades or businesses or of petitioners' reported car and truck expenses or travel expenses.

Petitioners attached Schedules A to their 2008 and 2009 tax returns on which they claimed charitable contribution deductions of $9,425 and $11,980, respectively, and job expense deductions and certain miscellaneous deductions of $3,863 and $4,366, respectively. Petitioners introduced a Vehicle/Vessel Transfer and Reassignment Form (vehicle transfer form) and a Form 8283, Noncash Charitable Contributions, to substantiate their 2009 donation of a 1987 Toyota Camry. Neither form, however, includes the amount of the donation--the vehicle transfer form shows the amount of the donation as "donation", and the Form 8283 does not show the fair market value of the donation. Additionally, petitioners introduced a Solano County Superintendent of Schools--Leave and Earnings Statement showing $92 and $91 of Vallejo Educational Association monthly union dues for April 2008 and June 2009, respectively.

On September 12, 2011, respondent sent petitioners a notice of deficiency for the taxable years at issue that disallowed petitioners' claimed rental real estate loss deductions because respondent determined that petitioners' rental real estate activities were passive activities in the context of section 469. The notice of deficiency also disallowed petitioners' claimed Schedule C deductions for travel

**[\*6]** expenses and car and truck expenses, charitable contribution deductions, job expense deductions and certain miscellaneous deductions and determined that they are liable for section 6662(a) accuracy-related penalties for both 2008 and 2009. Petitioners timely filed a petition for redetermination.

OPINION

I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

If the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining his Federal income tax liability, the burden of proof may shift from the taxpayer to the Commissioner as to that factual issue. Sec. 7491(a)(1). The shifting of the burden of proof, however, is conditioned upon the taxpayer's first demonstrating that he meets the requirements of section 7491(a)(2), including: (1) substantiating any item as required by the Code;

**[\*7]** (2) maintaining all records required by the Code; and (3) cooperating with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The evidence does not establish that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

II.     Section 469 Losses From Rental Real Estate Activities

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. Generally, an individual is not entitled to a deduction for a passive activity loss for the year in which that loss is sustained. See sec. 469(a). Except as provided in section 469(c)(7), the term "passive activity" includes any rental activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2), (4).

Section 469(c)(7) provides that rental activities of certain taxpayers in real property trades or businesses (sometimes referred to as real estate professionals) are not per se passive activities under section 469(c)(2) but are treated as a trade or business subject to the material participation requirements of section 469(c)(1)(B) if the taxpayer:  (1) performs more than one-half of the personal services during the year in real property trades or businesses in which the taxpayer materially participates and (2) performs more than 750 hours of services during the taxable

**[\*8]** year in real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(B); see sec. 1.469-9(e)(1), Income Tax Regs. In the case of a joint return, either spouse must separately satisfy both requirements. Sec. 469(c)(7)(B).

A taxpayer can establish material participation by satisfying any one of the seven tests provided in the regulations. Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988); see id. para. (f)(4), 53 Fed. Reg. 5727 (detailing the methods of proof an individual can use to establish participation in an activity). Each interest in rental real estate is treated as a separate rental real estate activity unless the taxpayer makes an election by filing a statement with the taxpayer's original tax return for the taxable year to treat all such interests as a single rental real estate activity. Sec. 1.469-9(e)(1), (g)(1), (3), Income Tax Regs.

Petitioners did not file a statement with their 2008 or 2009 tax return electing to treat all of their interests in rental real estate as a single rental real estate activity. Accordingly, each rental property will be treated as a separate rental real estate activity, and whether petitioners "materially participated" will be determined separately for each property. Petitioners have not provided any testimony or other credible evidence establishing either their claimed time

[*9] attributable to their rental real estate activities or Mr. McNally's time attributable to real property trades or businesses.[3]

Neither petitioner qualifies as a real estate professional because neither performed more than 750 hours during the taxable years at issue in real property trades or businesses in which he or she materially participated.[4]  Accordingly, we find no credible evidence to overturn respondent's determination that petitioners' rental real estate activities are passive.  Petitioners are therefore not entitled to offset losses arising from those activities against their other income.

III.    Claimed Deductions

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  A taxpayer may not deduct personal, living, or family expenses unless the Code expressly provides otherwise.  Sec. 262(a).

---

[3]As noted in our Findings of Fact, irrespective of the credibility of petitioners' journal, the journal itself does not provide proper substantiation of either petitioners' rental real estate activities or Mr. McNally's involvement in real property trades or businesses.

[4]Nor do we find that either petitioner performed more than one-half of the personal services during the taxable years at issue in real property trades or businesses in which he or she materially participated.

**[*10]** Certain expenses specified in section 274 are subject to strict substantiation rules. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). No deductions are allowed for, among other things, traveling expenses (including meals and lodging away from home) and expenses with respect to "listed property" defined in section 280F(d)(4) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expense, (2) the time and place of the travel or use, and (3) the business purposes of the expense. Sec. 274(d) (flush language); see sec. 280F(d)(4)(A)(i) and (ii) (defining "listed property" to include passenger automobiles and other property used for transportation). To substantiate by adequate records, the taxpayer must provide (1) an account book, a log, or a similar record and (2) documentary evidence that together are sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.

**[*11]**  A.  <u>Charitable Contribution Deductions, Job Expense Deductions,
and Certain Miscellaneous Deductions</u>

Petitioners did not introduce credible evidence to properly substantiate their reported charitable contributions for the taxable years at issue, including their 2009 donation of the 1987 Toyota Camry.  Petitioners did not list the fair market value of the donation, as instructed on Form 8283 if the amount of the deduction claimed is in excess of $500.  Similarly petitioners did not provide any testimony or other credible evidence regarding their job expenses and certain miscellaneous deductions in excess of $92 and $91 for 2008 and 2009, respectively.  Accordingly, petitioners have not demonstrated that they are entitled to deductions for charitable contributions or job expenses and certain miscellaneous deductions in excess of what respondent has allowed.

B.  <u>Travel Expenses and Car and Truck Expenses</u>

We find that petitioners did not meet the heightened substantiation requirements, noted <u>supra</u> p. 10, with respect to their travel expenses or car and truck expenses.  <u>See</u> sec. 274(d)(1).  Irrespective of the credibility of petitioners' journal, the journal does not establish the amounts of petitioners' car and truck expenses or travel expenses, the location of their travel, nor the business purpose of their expenses.  Petitioners failed to provide any testimony at trial relating to

**[\*12]** those expenses.  Petitioners have not demonstrated that they are entitled to deductions for car and truck expenses or travel expenses in excess of what respondent has allowed.

IV.    Section 6662(a) Penalties

The Commissioner bears the burden of production with respect to any accuracy-related penalties under section 6662.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the burden of production is met, a taxpayer bears the burden of proof, including the burden of proving reasonable cause for the underpayment of Federal income tax.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6662(a) and (b)(2) imposes an accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to the taxpayer's "substantial understatement of income tax".

An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  If the Rule 155 computations confirm substantial understatements for the taxable years at issue, then respondent has met his burden of producing evidence that the penalties are justified.  See sec. 7491(c).

**[\*13]** Petitioners did not address the section 6662(a) penalties at trial, nor have they presented any evidence showing reasonable cause for any portions of the underpayments. <u>See</u> sec. 6664(c)(1). We therefore hold that if Rule 155 computations confirm substantial understatements of income tax, Mr. McNally is liable for the penalties for underpayments attributable to substantial understatements of income tax under section 6662(a) and (b)(2).

We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.